with her a credit which will procure for her a motive power. This she secures by the implied lien upon her bottom which the law creates in favor of any one rendering that service; and she can secure it, practically, in no other way. As to the idea that the form of the boat, or her incapacity to navigate the broad ocean, or her want of motive power within herself, can make any difference in her rights and liabilities on such a contract, I have nothing to add to the remarks made in the case of The Kate Tremaine [Case No. 7,622].

Let a decree be entered in favor of the libellant for the amount demanded in the libel.

---

W. K. MUIR & DAVIDSON, The (UNITED STATES v.). See Case No. 16,749.

WOLCOTT (FRASER v.). See Case No. 5,065.

WOLCOTT (THOMAS v.). See Case No. 13,915.

---

## Case No. 17,923.

### In re WOLF.

[4 Sawy. 168;[1] 17 N. B. R. 423.]

District Court, D. Nevada. Jan. 18, 1877.

ACT OF BANKRUPTCY—COMMERCIAL PAPER—NON-PAYMENT.

The mere letting a note, payable one day after date, remain unpaid forty days after it falls due, is not an act of bankruptcy, in the absence of any demand of payment, or other facts to show a suspension and failure to resume.

[Cited in Brown v. Jefferson Co. Nat. Bank, 9 Fed. 264.]

[Cited in Lindsey v. Flebbe, 5 Colo. App. 218, 38 Pac. 399.]

This was a petition for an adjudication of bankruptcy, charging that the respondent had suspended and stopped payment of his commercial paper, and had not resumed in forty days. Upon the return day of the order to show cause, the only proof offered of the act of bankruptcy was a promissory note made by E. Wolf in favor of one Parker, for $1,000, payable "one day after date," which showed upon its face that it had been due more than forty days. There was proof that no demand had ever been made on Wolf for payment of the note. No other evidence was produced tending to show a suspension of payment and failure to resume.

J. B. L. Brandt, for petitioner.
M. N. Stone, for respondent.

HILLYER, District Judge. It could not have been the intention of the framers of the bankrupt law to make the simple fact that a note like this remained due and unpaid for forty days an act of bankruptcy. There is certainly a reasonable presumption

that the parties to such paper made payable one day after date did not expect it would be paid on the day it fell due. No demand being made on him, the maker would be likely to let the note run for an indefinite time; and it would be, it seems to me, a most unjustifiable construction of the bankrupt act [of 1867 (14 Stat. 517)], to say that by so doing he was stopping or suspending payment of his commercial paper.

Suspension of payment means something more than a failure of the maker of such paper as this to seek the holder and pay him. Business men understand very well what the term means; there is the idea in it of a failure to pay from an inability to do so; and here there is nothing to show that the debtor was not abundantly able and willing to pay the note on presentation.

The prayer of the petition is denied.

---

## Case No. 17,924.

### WOLF v. CONNECTICUT MUT. LIFE INS. CO.

[1 Flip. 377;[1] 1 Cent. Law J. 301.]

Circuit Court, E. D. Michigan. April Term. 1874.

FEDERAL PRACTICE—TAXATION OF COSTS—REMOVAL FROM STATE COURT.

1. Where a suit comes into the federal court by removal, it brings along with it, as an incident, all the costs which accrued or attached under the state law, during the time it remained in the state court.

[Cited in Cleaver v. Traders' Ins. Co., 40 Fed. 864.]

2. The acts of congress, prescribing what costs may or may not be taxed, apply to such costs as accrue after the removal of such cause into the federal court.

3. These are the rules that the federal courts follow in taxing costs.

[Cited in Trinidad Asphalt Pav. Co. v. Robinson, 52 Fed. 348.]

On the mutual application of the parties for directions to the clerk as to taxation of costs. This cause was commenced in the circuit court for the county of Wayne, in this state, and after issue and one continuance in that court, the cause was removed to this court by the defendant, under and in pursuance of the acts of congress in such cases made and provided. After sundry proceedings had in the case in this court, unnecessary to mention here, the plaintiff [Helena Wolf], discontinued her suit, and judgment was entered against her for costs to be taxed. The defendant now brings its bill of costs for taxation, in which are included items of costs accrued in the state court before removal to this court, amounting in the aggregate to $15, and $7.50 paid to the clerk of the state court for transcripts in making the removal. These items are objected to on behalf of plaintiff on the ground that there is

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]